IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UMER SAYEED-SHAH, M.D.,

    Plaintiff,

v().                                                  Civil Action No. 5:05CV11
                                                                (STAMP)

WHEELING HEART INSTITUTE, INC.
and AHMAD RAHBAR, M.D.,

    Defendants.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTION TO COMPEL ARBITRATION**

I.  Procedural History

Plaintiff, Umer Sayeed-Shah, M.D., filed an action against the above-named defendants in the Circuit Court of Ohio County, West Virginia on January 13, 2005. Thereafter, the defendants removed the case to this Court pursuant to 28 U.S.C. § 1441 and filed a counterclaim against the plaintiff. The defendants then filed a motion to compel arbitration, to which the plaintiff responded. The plaintiff subsequently filed a motion to remand the case for lack of subject matter jurisdiction, to which the defendants responded in opposition. On April 7, 2005, this Court entered a memorandum opinion and order denying the plaintiff's motion to remand and establishing a supplemental briefing schedule for the defendants' motion to compel arbitration. The plaintiff filed a supplemental response, and the defendants replied. This Court has reviewed the parties' memoranda and the applicable law, and finds

that the defendants' motion to compel arbitration should be granted as to all counts in this civil action.

## II. Facts

Plaintiff's complaint states that he entered into a contract of employment with defendant, Wheeling Heart Institute, Inc. ("WHI"), that was effective on September 15, 2003. He claims that he performed his duties pursuant to the contract until he was terminated by Ahmad Rahbar, M.D. ("Rahbar"), on behalf of WHI, on August 26, 2004. He claims WHI violated the employment contract by failing to: (1) give him 120 days notice of termination; (2) make the $20,000.00 required pension contribution or make an alternative payment to him personally; and (3) pay his malpractice and health insurance after his termination. He also asserts that the defendants violated the implied covenant of good faith and fair dealing and the Wage Payment and Collection Act, West Virginia Code §§ 21-5-1 to -18. In addition, he seeks a declaratory judgment that the covenant not to compete contained in his employment contract with WHI is void and unenforceable, or, in the alternative, that the liquidated damages provision is void and unenforceable. Finally, he alleges that Rahbar committed tortious interference with respect to his employment contract with WHI. The plaintiff seeks compensatory and punitive damages.

The defendants have filed a counterclaim against the plaintiff that includes two counts. In Count I, they allege that the

plaintiff breached the contract in several respects, including his failure to devote his full time and best efforts to the performance of his duties, failure to promote the practice of WHI, failure to give timely notification of termination of the contract, and failure to timely obtain a license to practice medicine in the State of Ohio. In Count II, they allege that the plaintiff committed tortious interference with the business relationships at WHI. The defendants seek compensatory and punitive damages.

## II. Applicable Law

The Federal Arbitration Act ("FAA") applies to "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof . . . ." 9 U.S.C. § 2. The FAA "embodies a federal policy favoring arbitration. Thus, 'as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.'" Drews Distrib., Inc. v. Silicon Gaming, Inc., 245 F.3d 347, 349 (4th Cir. 2001)(quoting Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983)). On the other hand, "a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." United Steelworkers of Am. v. Warrior & Golf Navigation Co., 363 U.S. 574, 582 (1960). There does exist, however, a "heavy presumption of arbitrability" and

when there is a question as to the scope of an arbitration clause, "a court must decide the question in favor of arbitration." Peoples Sec. Life Ins. Co. v. Monumental Life Ins. Co., 867 F.2d 809, 812 (4th Cir. 1989). "A court should not deny a request to arbitrate an issue 'unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" Drews, 245 F.3d at 349-50 (quoting Warrior & Gulf Navigation Co., 363 U.S. at 582-83). Thus, arbitration is strongly favored in this circuit and elsewhere.

### III. Discussion

The defendants ask the Court to compel arbitration in this case based on a clause included within the plaintiff's contract of employment. This clause states:

> 20. ARBITRATION. Any dispute or controversy arising under this Agreement shall be determined and settled by arbitration under the rules of the American Arbitration Association or by a disinterested third person selected by mutual agreement of the parties whose decision shall be final and binding, and judgment or the award may be entered by any court having competent jurisdiction. Upon the demand of either party to a dispute, the arbitrator designated or agreed upon shall be a Board certified thoracic and cardiovascular surgeon.

Supp. Filing to Defs.' Mem. Supp. Mot. Compel Arbitration, Ex. 1 at 12.

In response, the plaintiff concedes that the claims raised in Counts I through III of the complaint and Count I of the counterclaim are subject to arbitration. However, he asks that this Court retain jurisdiction of Counts IV and V of the complaint

4

and Count II of the counterclaim. In reply, the defendants argue that all of the claims asserted are subject to arbitration because the arbitration clause broadly encompasses "any dispute or controversy arising under" the employment contract.

The plaintiff first argues that Count IV of the complaint is not arbitrable because arbitration is not an effective forum for a declaratory judgment action. The plaintiff contends that "[t]he issue of whether the covenant not to compete is in violation of the public policy of this State is a pure matter of law for judicial determination." Pl.'s Supp. Resp. at 4. Further, the plaintiff claims that it is unreasonable to expect a Board certified thoracic and cardiovascular surgeon to appropriately decide this legal issue.

In response, the defendants counter that the plaintiff has cited no legal authority in support of the argument that declaratory judgment actions are not arbitrable. The defendants cite <u>State ex rel. Wells v. Matish</u>, 215 W. Va. 686 (2004), in support of their contention that declaratory judgment claims alleging public policy violations may be addressed in arbitration.

This Court finds the defendants' argument persuasive. In <u>Matish</u>, the plaintiff similarly sought a declaratory judgment regarding the validity of the arbitration provision and the covenants not to compete contained within his employment contract. 215 W. Va. at 690. He argued that his public policy claims must be

5

decided by a court and not an arbitrator.  Id. at 693.  The Supreme Court of Appeals of West Virginia held:

> [W]e find no merit to [the plaintiff's] contention that his public policy violation claims cannot be arbitrated . . . .  Rule 34 of [American Arbitration Association] ["]AAA["]'s National Rules provides that "[t]he arbitrator may grant any remedy or relief that the arbitrator deems just and equitable, including any remedy or relief that would have been available to the parties had the matter been heard in court."

215 W. Va. at 694.  The plaintiff has cited no authority nor provided any legal reasoning to distinguish this case from the circumstances presented in Matish, and this Court can find none.  Thus, this Court finds that the plaintiff's argument lacks merit and Count IV is, therefore, arbitrable.

The plaintiff next argues that Count V of the complaint and Count II of the counterclaim should not be sent to arbitration because these tortious interference claims are not subject to the arbitration provision of the plaintiff's employment contract.  The plaintiff first argues that these claims are not arbitrable because defendant Rahbar is not a party to the employment contract -- only the plaintiff and WHI are signatories.  Secondly, the plaintiff asserts that these tortious interference claims are external to the contract, as "[t]hey assume the applicability and validity of the contract and have as their basis the contention that a stranger to the contract has undertaken to undermine the contractual relationship."  Pl.'s Supp. Resp. at 6.

In response, the defendants assert that the allegations in Count V of the plaintiff's complaint are against Rahbar in his capacity as President of WHI, and therefore fall within the scope of the contract.  Moreover, the defendants note that Count II of their counterclaim clearly was brought by both WHI and Rahbar, and consequently is also within the scope of the employment agreement.

This Court agrees with the defendants that Count V of the complaint and Count II of the counterclaim are arbitrable.  The Supreme Court of the United States has held that "[t]he Arbitration Act establishes that, as a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration . . ." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (1983).  The agreement at issue in this case states that "any dispute or controversy arising under this Agreement shall be determined and settled by arbitration . . ." Supp. Filing to Defs.' Mem. Supp. Mot. Compel Arbitration, Ex. 1 at 12.  The allegations of tortious interference in Count V of the complaint and Count II of the counterclaim could be construed to "arise under" the employment contract, as they are cross-allegations by the signatories that directly relate to their performance under the terms of the contract.  This Court is satisfied that these claims are sufficiently related to the contract for arbitration to be appropriate.  Further, this Court finds that it promotes judicial economy to have all of the claims

in this action, which arise from a common set of operative facts, decided in the same forum.

## IV. Conclusion

For the reasons stated above, the defendants' motion to compel arbitration is hereby GRANTED. This civil action is hereby STAYED pending the outcome of the arbitration. The parties are DIRECTED to provide this Court with a status report regarding the arbitration proceedings on or before **October 17, 2005**.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    May 16, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE